NO. 07-10-0086-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 13, 2010

_____

TIMOTHY S. BARBIAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-426,409; HONORABLE CECIL G. PURYEAR, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Timothy S. Barbian challenges his conviction for aggravated assault with a deadly weapon by contending the evidence is not factually sufficient to sustain it. According to appellant, the victim had insufficient credibility to be believed. Thus, the verdict was improper. We affirm the judgment.

Appellant's notice of appeal and brief were filed before the Court of Criminal Appeals issued its decision in *Brooks v. State,* No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240 (Tex. Crim. App. October 6, 2010). There, it did away with factual sufficency

review and instead simply required that we consider the evidence only to determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Id.* at *57. Appellant was afforded the opportunity to rebrief in light of *Brooks* and, upon doing so, argues that we should refuse to apply *Brooks* at all, that the decision has no precedential value because it is unpublished, and that we should refuse to apply it retroactively.

Initially, we note that the opinion has been designated for publication. *Id.* at *59. Moreover, the Court noted that there is no meaningful distinction between a factual sufficiency and legal sufficiency review, and thus a separate factual sufficiency challenge should not be addressed. *Id.* at *57-58. Because this opinion does serve as precedent and since appellant concedes that he has not raised a legal sufficiency challenge, there is nothing for us to consider.

However, we note parenthetically that the credibility issues that appellant raises with respect to the victim were placed before the jury. We cannot substitute our opinion of her believability for that of the jury; nor could we do so before *Brooks. See Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008) (holding that the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may choose to believe all, some, or none of the evidence presented). Moreover, there was evidence that corroborated portions of the victim's testimony, including some found in appellant's bedroom and vehicle. So, even if *Brooks* was inapplicable, the evidence supporting his conviction would nonetheless be factually sufficient.

Accordingly, we affirm the judgment.

Brian Quinn
Chief Justice

Do not publish.